Van Brunt, P. J.
The ground upon which the complaint was dismissed was that no right to equitable relief was shown.
In consideration of this question in support of the 'decision made by the court below, a large number of cases are cited by the respondent for the purpose of showing that unless a discovery could be or was sought from the defendant, there was no ground upon which an action in equity could be maintained.
In the citation of these authorities the fact that courts of equity have always had jurisdiction in the settlement of co-partnership accounts seems to have been entirely overlooked and the adjudications in respect to matters of account seem to be relied upon when they have no application whatever to a case of which a court of equity has original and exclusive jurisdiction.
Each of the cases cited was of a character of which courts of law had cognizance, and exclusive cognizance, unless a court of equity might obtain jurisdiction because some discovery should be required. It was because of the fact of the necessity of a discovery that courts of equity take cognizance of cases of this description as the party was remediless, because of the necessity of such a discovery, in courts of law.
Courts of equity have no jurisdiction of this class of actions under the present practice because bills of discovery have been abolished and other remedies have been substituted in their place.
The right, however, of persons to come into a court of equity for the settlement of their copartnership accounts is nowhere questioned in any of the cases cited and has never been questioned before so far as we have been able to ascertain.
The complaint is not filed for the purpose of compelling *554 the defendant to account, but the relief asked is that the plaintiff and defendant account together in order that their respective rights may be determined.
It. is urged, upon the part of the respondent, that the. appellant should have gone on and liquidated the affairs of the copartnership, rendered an account of his doings, and if the assets were insufficient to pay the debts, and the defendant was liable under the copartnership organization to contribute, he should have made a demand upon the defendant for the payment of the amount due, and then if sued at law for the amount, in such action the correctness of the accounts might be tested, and the defendant’s rights preserved.
We fail to see upon what principle such an action could be maintained. Courts of law have never assumed jurisdiction of the settlement of copartnership accounts, and upon such an account no action has ever been maintained unless it became an account stated between the parties.
In the case at bar, there having been a copartnership and such copartnership dissolved and the accounts being unsettled, it was a clear case for the intervention of a court of equity to settle the.rights of the parties.
The judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the final event.
Daniels and Brady, JJ., concur.